Aesthetic Management Partners, Inc. v. Trina Barr
Complaint

# Exhibit B

# Demand Letter

C. Dean Herms, Jr.
David M. Herrera
Jeffrey B. Cullers
Andrea L. Carter



Herms & Herrera, LLC
Attorneys and Counselors at Law

3600 South College, Suite 204
Fort Collins, Colorado 80525
(970) 498-9999 Telephone
(970) 472-5365 Facsimile

June 12, 2019

**VIA EMAIL:  mark.crosby@ampgrowth.net**
**AND FIRST CLASS MAIL**
Mr. Mark R. Crosby
General Counsel
Aesthetic Management Partners, Inc
2492 Walnut Avenue, Suite 120
Tustin, CA  92780

      Re:    *Demand for Wages and Compensation on behalf of Trina Barr*

Dear Mr. Crosby:

      Please be advised that I have been retained to represent Ms. Trina Barr with respect to making demand for unpaid wages and reimbursement of expenses.  Please direct all future correspondence regarding this matter to the undersigned.

      As you are aware, Ms. Barr's employment with Aesthetic Management Partners, Inc. (hereinafter "AMP") was terminated by you on or about April 18, 2019.  I am in receipt of your letter to Ms. Barr of the same date purporting to terminate her employment with AMP pursuant to Section 6(c) of her Employment Agreement dated September 17, 2018.  In your letter, you vaguely accused Ms. Barr, then AMP's Vice President, of disparaging and attacking AMP, its employees, its training and protocols, its financial stability and solvency, its management's character, fitness and leadership, and otherwise make statements "plainly adverse and destabilizing to AMP's mission, vision and company morale."

      Setting aside for the time being the legally questionable, admitted reasons you terminated Ms. Barr, I am writing to make demand for wage and compensation amounts unpaid and owed to Ms. Barr by AMP.  First, AMP owes Ms. Barr reimbursement for expenses.  Even if reimbursement of expenses incurred by Ms. Barr on behalf of AMP were not expressly required by Section 4(e) of her Employment Agreement, pursuant to C.R.S. 8-4-109 (1)(a), AMP owed a duty to make immediate payment upon termination to Ms. Barr for all wages or compensation then earned, vested, determinable and unpaid at the time of such termination.  The Colorado Wage Act and its provisions relating to amounts due for labor or service performed has been construed to apply to reimbursement of expenses.  *See e.g., Lester vs. Gene Express, Inc.,* 2010 WL 3941417 (D. Colo. Sept. 27, 2010).

      With regard to these expenses owed, it is my understanding that AMP has previously been invoiced for expenses incurred by Ms. Barr via the ELC Advanced Clinical Integration Training and ELC Technologies Immersion from the period October 2018 to April 2019.  However, for purposes of making demand pursuant to the Colorado Wage Act and its penalty provisions, I am

Mr. Mark R. Crosby, General Counsel
Aesthetic Management Partners, Inc.
July 22, 2019
Page 2

enclosing another copy of the Invoice for this time period for labor and expenses incurred on behalf of AMP totaling $ 121,525.52.

The second item of wages owed and remaining unpaid to Ms. Barr is Profit Sharing. Per the "Profit Sharing Agreement" forwarded to Ms. Barr dated March 19, 2018, as a Managing Partner, Ms. Barr was entitled to 1% of AMP's profits as of March 19, 2019. This Agreement approximates the value of this percentage on that date to be $200,000. Profit sharing compensation has been held by Colorado courts to constitute "wages" or "compensation" under the Colorado Wage Act. *See Rohr v. Ted Neiters Motor Co.*, 758 P.2d 186, 187-188 (Colo. App. 1988). Therefore, pursuant to the Colorado Wage Act, demand is also made for $200,000.

To save you some time, I will advise that any attempt to foreclose Ms. Barr's entitlement to reimbursement of the amounts claimed herein based upon a theory of waiver based upon the "General Release" document you had Ms. Barr sign is doomed as a matter of law. Colorado has enacted legislation that expressly voids any agreement that purports to waive or modify any employee's rights under the Colorado Wage Act. *See* C.R.S. 8-4-121.

Further, any attempt by AMP to stall reimbursement to Ms. Barr by attempting to invoke the arbitration provision of Section 14 of the Employment Agreement will also fail. Colorado courts have made clear that C.R.S. 8-4-121 voids any attempt to require arbitration of an employee's rights under the Wage Claim Act. *See Lambdin v. Dist. Court in the 18th Judicial Dist.*, 903 P.2d 1126, 1130 (Colo. 1995) ("an arbitration provision that waives an employee's rights under the Wage Claim Act is void"). The Colorado Wage Claim Act guarantees a right to a trial. *Id.* at 1130. Thus, any attempt by AMP to forestall the process of immediate reimbursement to Ms. Barr will be met with vigorous resistance, and a copy of the present letter to justify an award of sanctions, in addition to the penalties that may be assessed as explained below.

The Colorado Wage Act subjects employers to penalties for refusing to pay wages or compensation. Specifically, if an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after written demand by the employee, the employer is liable for the wages or compensation, and a penalty of up to 125% of the amount of such wages up to $7,500 and 50% of the amount of wages or compensation that exceed $7,500. If an employee can show that the employer's failure to pay is willful, the penalties increase by 50%. Be advised that, if a legal suit is commenced, Ms. Barr will seek recovery of reasonable costs and attorney fees incurred in such action.

Pursuant to C.R.S. 8-4-109(d)(1), you may have AMP send or deliver payment (with no substantive communication) directly to Ms. Barr at the following address:  6991 Jay Road, Boulder, Colorado  80301. The total amount demanded at this time is $321,525.52.

Mr. Mark R. Crosby, General Counsel
Aesthetic Management Partners, Inc.
July 22, 2019
Page 3

    Please let me know if you have any questions or comments. Nothing contained herein is intended to constitute a waiver or election of any of the rights or remedies of my client.

                                           Very truly yours,

                                           C. Dean Herms, Jr.